UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF 3L LEASING, LLC | CIVIL ACTION |
| VERSUS | NO. 14-2539-SRD-SS |
| RUSSEL GRILLOT, GRILLOT CONSTRUCTION, LLC, AND U.S. SPECIALTY INSURANCE COMPANY | |

## REPORT AND RECOMMENDATION

On October 30, 2015, the District Judge: (1) entered judgment in favor of 3L Leasing, LLC ("3L") and against Grillot Construction, LLC ("Grillot") and U.S. Specialty Insurance Company ("USSIC") for $511,553.05 plus interest; (2) entered judgment in favor of Russell Grillot and against 3L dismissing its claims with prejudice; (3) assessed costs against Grillot to be determined by the Clerk of Court; and (4) awarded attorneys' fees to 3L to be paid by Grillot. The amount of the fees is to be determined on a referral to the undersigned Magistrate Judge. Rec. doc. 68.

3L sought $111,060.00. Rec. doc. 70. In its reply, it increased this to $116,059.00. The difference represents additional fees incurred in preparation of its motion. Rec. doc. 81 at 7. Grillot submitted an opposition. Rec. doc. 77. USSIC did not submit an opposition. For the reasons described below, it is recommended that 3L be awarded fees of $60,089.00.

### Background

Grillot entered into a contract with the United States Army Corps of Engineers. In connection with the project, it entered into a bareboat charter with 3L for a spud/crane/quarters

barge.  The barge was used from July 18, 2013 until December 2013.  It was damaged on the project.  It was returned to 3L's dock in Belle Chase on August 27, 2014.

On November 6, 2014, 3L filed a complaint for damages.  It sought:  (1) charter hire up to the point the vessel was returned - $450,000.00; (2) the cost to replace fuel - $55,000.00; (3) the cost to repair or replace items listed in the reports of Conrad Breit and Brian Gibson - $56,842.35; and (4) charter hire from the time of the vessel's return on August 27, 2015 to the present - $550,000.00, or in the alternative, for a reasonable period after the barge was retuned in a damaged and unusable condition.  Rec. doc. 42 at 5.  The total is about $1,112,000.

Grillot, Russell Grillot and USSIC answered.  Rec. docs. 11 and 12.  The trial was set for October 26, 2015.  Rec. doc. 14.  There was a settlement conference but the parties were unable to negotiate a settlement.  Rec. doc. 39.

3L moved for partial summary judgment against Grillot and USSIC.  Rec. docs. 23 and 24.  The motions were denied.  The District Judge's analysis of the motions was limited to one paragraph.  The order states, "[c]learly, the facts of this case are so contested that it is impossible for summary judgment to be entered as to either defendant."  Rec. doc. 43 at 10.

The pretrial conference was on October 6, 2015.  Rec. docs. 41 and 42.  Pretrial memoranda and proposed findings and conclusions were submitted.  Rec. docs. 46-50.

On October 14, 2015, counsel for 3L recommended settling the case for $635,000.00.  Grillot made an offer of judgment of $570,000.00.  Rec. doc. 70-3, page 70 (Exhibit 1 – entries for 10/14/15 and 10/15/15).

There was a bench trial on October 26-28, 2015 with oral findings and conclusions at the end of the trial.  Rec. docs. 65-67.  The judgment was signed on October 30, 2015.  Rec. doc. 68.

On November 27, 2015, 3L filed a notice of appeal.  Rec. doc. 78.  Grillot did not file a notice of appeal.

### 3L's Motion for Attorneys' Fees

With its motion 3L presents fifteen invoices, dated from August 12, 2014 through October 29, 2015, from its law firm.  It presents an additional invoice with its reply.  The total amount billed on these invoices is $116,631.00.  **Table A**.[1]  In its reply, 3L notes that a charge by Joseph Devall on September 24, 2015 for 2.60 hours ($572.00) was inadvertently included in the October 19, 2015 invoice in the 3L/Grillot litigation.  Rec. doc. 81 at 5.  With the adjustment for this entry, the invoice total is reduced to $116,059.00, the amount sought by 3L.

3L contends that, as adjusted, all of the time included in the invoices should be included in the lodestar for the fee award.  3L's memorandum in support of its motion for attorneys' fees creates some confusion on the billing rates sought.  In his affidavit in support of the motion, Devall states that he currently charges $225.00 per hour, Fabian Nehrbass, an associate, charges $175.00 per hour, and Christina Womack, a paralegal, charges $155.00 per hour.  Rec. doc. 70 (Memorandum-Exhibit A).  These amounts are referred to in 3L's memorandum.  Id. (Memorandum at 6).  In its reply, counsel for 3L explains that the invoices reflect the charges for time in 2014 and 2015 that were the subject of agreement with the client.  Rec. doc. 81.  The actual charges were:  Devall - $210.00 in 2014 and $220.00 in 2015; Nehrbass - $165.00 in 2014 and $175.00 in 2015; and Womack - $145.00 in 2014 and $155.00 in 2015.  Although not discussed, the invoices include small amounts of time for Henry King, Michael Vincenzo and Brian Clark.

---

[1] Tables A through I are appended to the Report and Recommendation.

3L reports that prior to the completion of the invoices, about $2,000 in time was written off in the exercise of billing judgment. It contends that no further time should be written off for billing judgment. Rec. doc. 70 (Memorandum at 4). It argues that that there should be no adjustment for the factors described in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The amount sought by 3L is summarized on **Table B**.

### Grillot's Arguments

Grillot divides the litigation into three phases: (1) July 2014 to June 2015; (2) July 2015 to September 2015; and (3) October 2015. It argues that during the first phase, Devall performed numerous tasks, for example legal research, that should have been performed by associates. Grillot argues that the time for the first phase should be reduced by twenty percent. It urges that time sought in the second phase for work on the motions for summary judgment reflects a lack of billing judgment. The time spent by Devall was duplicative of time spent by Nehrbass or Devall's activity should have been delegated to Nehrbass so that the work was done at a lower rate. Accordingly, Grillot submits that the time charged for the second phase should be reduced by twenty percent. The trial occurred in the third phase. Grillot argues that the invoices for this period reflect vague and duplicative entries and therefore, the time for the third phase should be reduced by forty percent. Finally, Grillot argues that the time for King, Vincenzo and Clark should be eliminated.

Grillot contends that the hourly rates sought by 3L for Nehrbass and Womack are excessive. It contends that the hourly rates for Nehrbass should be reduced to $135 per hour in 2014 and $145 per hour in 2015. Further it suggests that the hourly rate sought for Womack, the paralegal, should be limited to $105 per hour. If Grillot's arguments are accepted, the lodestar is:

    First phase    $18,790.80

    Second phase   23,806.00

      Third phase      <u>28,960.00</u>

      Total            $71,557.00

Rec. doc. 77 at pages 7-9.

    Grillot urges that the eighth <u>Johnson</u> factor, the amount involved and the results obtained, warrants a further reduction. 3L sought $1.2 million and was awarded $511,553.05. It sought to hold Russell Grillot personally liable, but the claim against him was dismissed. It sought a finding that USSIC, the surety, was in bad faith, but that claim was dismissed. Grillot contends that because the judgment awarded 44% of the amount sought by 3L, the amount awarded for fees should be 44% of the lodestar of $71,556.80 or $31,485.00.

    3L replied to Grillot's arguments. Rec. doc. 81.

## **Legal Authorities**

    The method by which the district court calculates an attorneys' fees award is well established. 3L and Grillot agree with this method. The district court first calculates the "lodestar." <u>Forbush v. J.C. Penney Co.</u>, 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. <u>Hensley v. Eckerhart</u>, 103 S. Ct. 1933, 1939-40 (1983).

    In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by the attorneys. <u>Hensley</u>, 103 S. Ct. at 1939-40. The district court must eliminate excessive or duplicative time. <u>Watkins v. Fordice</u>, 7 F.3d 453, 457 (5th Cir. 1993); <u>see</u> <u>Hensley</u>, 103 S. Ct. at 1939-40. Next, the court must value the service according to the customary fee and quality of the legal work. The relevant market for purposes of determining the prevailing hourly billing rate to

be paid in a fee award is the community in which the district court sits. Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 558 (5th Cir. 1998).

The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Forbush, 98 F.3d at 821; see also Walker v. United States Dep't of Hous. and Urban Dev., 99 F.3d 761, 771-73 (5th Cir.1996) (describing the limited circumstances in which an adjustment to the lodestar is appropriate). In Hensley the Supreme Court noted that many of the Johnson factors are "subsumed" in the initial calculation of reasonable hours and rates. 103 S. Ct. at 1940 n. 9. The only Johnson factor at issue is the eighth factor - the amount involved and the results obtained.

## Analysis

3L spent a significant amount of time on the motion for partial summary judgment against Grillot and the motion for partial summary judgment against USSIC. The amount is shown in **Table C**. The District Judge easily resolved the motions with the statement that the facts were so contested it was "impossible for summary judgment to be entered as to either defendant." Rec. doc. 43 at 10. The motions were not warranted. The time spent on these motions should have been excluded in the proper exercise of billing judgment. Counsel is required to exercise billing judgment to exclude from the fee request any "hours that are excessive, redundant or otherwise unnecessary." Hensley, 103 S. Ct. at 1939-40. The lodestar will be reduced for the hours spent on the motions for partial summary judgment.

A review of the time records demonstrates additional time that must be subtracted from the lodestar. Devall began working on the matter on July 10, 2014. Until October 24, 2014, he worked without the assistance of Nehrbass. The Court does not agree with Grillot that Devall's time in

6

the first phase should be reduced.  The entries for Nehrbass in late October and early November of 2014 reviewing the file and drafting the complaint are duplicative of work performed by Devall and unnecessary.  Nehrbass and Devall both entered time in December 2014 to review the motion of USSIC for an extension.  The time for Nehrbass is duplicative.  The consulting or assistance rendered by King at various points in June, September and October of 2015 is duplicative and will be eliminated.  It was not necessary for both Devall and Nehrbass to attend the pretrial conference.  The Nehrbass entry for October 6, 2015 to attend the pretrial conference will be excluded.  On October 15, 2015, Devall prepared a motion to extend deadlines.  The motion was denied.  Rec. doc. 45.  Devall's time on this motion will be excluded.  On October 23, 2015, Nehrbass prepared a motion to exclude Darryl Devillier.  The motion was filed.  Rec. doc. 61.  Devillier testified on the second day of the trial.  Rec. doc. 66.  The Nehrbass entry for preparation of the Devillier motion will be subtracted.  3L included time relating to its notice of appeal.  This will be excluded.  The entries for the additional time to be subtracted from the lodestar are itemized in **Table D**.

    Grillot contends that:  (1) the entries for 3L's trial preparation time are vague; and (2) there was duplication of effort by Devall and Nehrbass.  For example, Nehrbass cross-examined only one witness and orally opposed the motion of USSIC on the bad faith issue.  It urges that the time during this period should be reduced by forty percent.  The entries are not vague.  In the final stages before the trial, it is sufficient to describe the activity as trial preparation.  Considering that 3L, as plaintiff, had the burden of persuasion, it was not unreasonable for Devall to require assistance from Nehrbass.

> In denying the motion for summary judgment, the District Judge observed:
>
> [T]here are several issues of law which have not been addressed by pretrial motion. This case would have been substantially more streamlined had the issues of law been presented to the Court prior to trial.  Thus, there are not only questions of fact but questions of law which must now be resolved at trial.

7

Rec. doc. 43 at 10. The failure to bring these legal issues to the attention of the District Judge prior to trial increased the work required for the trial.

To arrive at the time spent in October on the trial, including preparation, entries for the following activity will be deducted from the total time for October: (1) settlement; (2) response to order denying motion for summary judgment; (3) deposition of Brian Gibson; (4) motion to exclude Devillier; and (5) the entries for King. The entries for these five categories are shown on **Table E**.

**Table F** shows the reduction of the total hours for October by the amount to be deducted for the five categories with the balance for the trial, including preparation. In order to reflect the amount of time for trial that would have been saved if 3L had addressed issues of law by pretrial motion, the time for trial will be reduced by 25% for Devall and Nehrbass. The time for Womack, the paralegal, will not be reduced. The time for Clark, whose sole entry (October 16, 2015) related to legal research, will be eliminated.

**Table G** reflects the total of the adjustments to the hours sought by 3L. **Table H** shows the hours included in the lodestar after these adjustments. These are the hours reasonably spent by 3L on the litigation.

The hours reasonably spent on the litigation must be multiplied by the reasonable hourly billing rate to come to the lodestar. As explained in 3L's reply memorandum, it only seeks the billing rates for Devall that were used in the invoices submitted with the motion for fees. It seeks $210.00 for Devall in 2014 and $220 for him in 2015. Rec. doc. 81 at 2. Grillot does not dispute these rates for Devall. Rec. doc. 77 at 2.

3L seeks $165.00 per hour for Nehrbass in 2014 and $175.00 for 2015. These are the rates used by 3L in the invoices. Grillot contends that the appropriate rates are $135.00 for 2014 and

8

$145.00 for 2015. It argues that the rates sought by 3L are too high considering that most of the work was performed by Nehrbass within the first two years of his practice as a lawyer. It also urges that associates are billed at anywhere from $75.00 to $150.00 less than the partners for whom they work. Rec. doc. 77 at 4.

In Greater New Orleans Fair Housing Action Center, et al v. St. Bernard Parish, 06-7185-HGB-SS (Rec. doc. 381), the Court approved rates of $125 to $175 per hour for associates for activity in 2009. In that matter, the party opposing the application for attorneys' fees provided an affidavit from Gustave A. Fritchie, III, stating that those were reasonable hourly rates for litigation, including Fair Housing Act litigation. CA 06-7185-Rec. doc. 375 (Exhibit B). Judge Berrigan adopted the award. Id.-Rec. doc. 394. In Industrial Diesel Service, LLC v. Mark & Emmet Marine, Inc., 08-4258-MVL-SS (Rec. doc. 114), the Court approved an hourly rate of $160.00 for an associate where the case was tried in 2010. Judge Lemmon adopted the award. CA 08-4285-Rec. doc. 118. Based on these awards for work done 2009 and 2010, the rates sought for Nehrbass for work done in 2014 and 2015 are reasonable.

The fact that the Nehrbass rates are only $45.00 per hour lower than the Devall rates is not sufficient justification for reducing the Nehrbass rates. As explained by 3L, the Devall rates were the result of some negotiation between counsel and the client.

3L seeks $145.00 per hour for the paralegal, Womac, in 2014 and $155.00 for 2015. These are the rates used by 3L in the invoices. 3L contends that these rates are justified, because she has more than 15 years of experience as a paralegal. It also contends that the rates are in line with what other firms charge. Grillot argues that the rate should be $105.00. It describes this as the mid-point of rates found reasonable in recent Eastern District of Louisiana cases. Rec. doc. 77 at 2-3. While Womack possesses 15 years of experience, the work performed by her was routine.

She arranged for the service of the summons and complaint by a process server in November 2014. Rec. doc. 70-3, page 27. She calculated deadlines from a scheduling order. Id. at page 40. She prepared subpoenas for the trial and communicated with the Courtroom Deputy on the technical requirements for computer presentation of exhibits. Id. at 70. Considering the services performed by Womac and her experience, $125 per hour is the reasonable rate for her time in 2014 and 2015. Accordingly, the only reduction in the hourly rates sought by 3L is the reduction in Womac's rate for 2014 and 2015 to $125.00 per hour.

The determination of the lodestar is found in **Table I**. With deductions in the hours and the rates described above, the lodestar is $75,111.00.

The only remaining issue is whether there should be any adjustment because of the eighth Johnson factor, the amount involved and the results obtained. Grillot contends that because 3L obtained a judgment for only about 44% of its claimed losses, the lodestar should be reduced by a similar percentage. Grillot argues that: (1) 3L obtained a judgment for charter hire of $450,000, but Grillot did not dispute that charter hire was owed for the period prior to the return of the vessel; (2) 3L obtained a judgment to replenish fuel but Grillot did not dispute that obligation; (3) the judgment for $511,553.05 includes $494,640.00 for the charter hire prior to the vessel's return and the replenishment of the fuel; and (4) the remaining amount of the judgment, about $16,900, was for costs of $10,000 incurred to retain a marine surveyor and the balance for repairs to the vessel. Rec. doc. 77 at 10.

3L argues that there are only two separable issues on which it was unsuccessful: (1) whether Russell Grillot was personally liable; and (2) whether USSIC was in bad faith. It describes the charter hire issue as "intertwined" and it obtained a judgment for nine months of charter hire. Rec. doc. 81 at 8-9. 3L's position is inconsistent with its statement of the material facts contained

in the Pretrial Order. Rec. doc. 42 at 3-5. It sought "[c]harter hire up to the point . . . (the vessel) was returned in the amount of $450,000;" and "[c]harter hire from the time the vessel was returned to 3L to the present date, $550,000. . . ." Id. at 5. While $1 million was sought for charter hire, the claim was comprised of two elements separated by the point when the vessel was returned. 3L was not successful in recovering any charter hire after the vessel was returned.

In Migis v. Pearle Vision, Inc., 135 F.3d 1041 (5th Cir. 1998), the lodestar was reduced by ten percent for the results obtained. The Fifth Circuit found this was insufficient and remanded for further consideration. Among the factors cited by the Fifth Circuit, was that the plaintiff prosecuted two claims but succeeded on only one of them. Id. at 1049. 3L made two claims for charter hire but it succeeded on only one them. The lodestar will be reduced by twenty percent. Based on the factors already taken into account in arriving at the lodestar, a larger reduction in the lodestar for the results obtained is not warranted.

With a twenty percent reduction, the lodestar will be reduced by $15,022.00 ($75,111 times 20%). The fee award is $60,089 ($75,111 minus $15,022).

## RECOMMENDATION

IT IS RECOMMENDED that: (1) 3L's motion to assess attorneys' fees (Rec. doc. 70) be granted in part and denied in part; and (2) 3L be awarded attorneys' fees of $60,089.00.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of December, 2015.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**

TABLE A

| Date | Page[2] | Total Fee | Devall | Timekeepers Nehrbass | Womack | Other |
|---|---|---|---|---|---|---|
| 08/12/14 | 2 | $2,583.00 | 12.30 | | | |
| 09/17/14 | 8 | 1,932.00 | 9.20 | | | |
| 10/16/14 | 14 | 6,762.00 | 32.20 | | | |
| 11/11/14 | 19 | 3,341.00 | 8.10 | 9.50 | 0.50 | |
| 12/10/14 | 28 | 2,700.00 | 7.40 | 2.20 | 5.40 | |
| 01/14/15 | 23 | 711.00 | 2.40 | 0.20 | 1.20 | |
| 02/24/15 | 32 | 861.00 | 4.00 | | | |
| 03/17/15 | 36 | 968.00 | 4.40 | | | |
| 04/17/15 | 40 | 749.00 | 2.70 | | 1.00 | |
| 06/15/15 | 44 | 1,330.50 | 3.90 | 2.70 | | |
| 07/20/15 | 49 | 2,775.50 | 11.00 | | | King 0.90 |
| 08/14/15 | 54 | 7,621.50 | 21.00 | 16.00 | 1.30 | |
| 09/14/15 | 59 | 7,022.50 | 18.00 | 17.50 | | |
| 10/19/15 | 65 | 18,252.00 | 58.60 | 22.70 | | King 0.60<br>Vincenzo 3.90 |
| 10/29/15 | 72 | 53,451.00 | 134.50 | 124.10 | 6.50 | King 1.80<br>Clark 2.50 |
| 12/01/15 | | 5,571.00 | 18.80 | 8.20 | | |
| Total | | $116,631.00 | 348.50 | 203.10 | 15.90 | 9.70 |
| Less | | 572.00 | 2.60 | | | |
| Net | | $116,059.00 | 345.90 | 203.10 | 15.90 | 9.70 |

---

[2] This refers to the page number assigned by the Court's CMECF system. For example, the hours for the September 17, 2014 invoice, with activity for August 7 to 28, 2014, and the amount billed for those hours is found at Rec. doc. 70-3, page 8 of 74. The invoice for December 1, 2015 is Exhibit 3 to 3L's Reply Memorandum. Rec. doc. 81.

TABLE B – Lodestar Sought by 3L

| Timekeepers | Hours | Rates | Total |
|---|---|---|---|
| Devall 2014 | 73.50 | $210.00 | $15,435.00 |
| Devall 2015 | 272.40 | $220.00 | $59,928.00 |
| Nehrbass 2014 | 11.90 | $165.00 | $ 1,963.50 |
| Nehrbass 2015 | 191.20 | $175.00 | $33,460.00 |
| Womack 2014 | 7.10 | $145.00 | $ 1,029.50 |
| Womack 2015 | 8.80 | $155.00 | $ 1,364.00 |
| King | 3.30 | $395.00 | $ 1,303.50 |
| Vincenzo | 3.90 | $295.00 | $ 1,150.50 |
| Clark | 2.50 | $170.00 | $    425.00 |
| | TOTAL | | $116,059.00 |

TABLE C – Time Spent on Motions for Partial Summary Judgment

| | | Timekeepers | | |
| Date | Page | Devall | Nehrbass | Vincenzo |
|---|---|---|---|---|
| 07/15/15 | 53 | | 4.20 | |
| 07/16/15 | 53 | | 2.20 | |
| 07/17/15 | 53 | | 0.60 | |
| 07/21/15 | 53 | | 2.00 | |
| 07/23/15 | 54 | | 0.60 | |
| 07/24/15 | 54 | | 1.50 | |
| 07/26/15 | 54 | | 1.80 | |
| 07/27/15 | 54 | | 2.90 | |
| 07/27/15 | 54 | | 0.20 | |
| 08/02/15 | 58 | | 3.10 | |
| 08/03/15 | 58 | | 2.10 | |
| 08/04/15 | 58 | | 3.10 | |
| 08/05/15 | 58 | | 1.60 | |
| 08/09/15 | 58 | | 3.70 | |
| 08/19/15 | 59 | | 1.90 | |

14

| Date     |    | Devall | Nehrbass | Vincenzo |
|----------|----|--------|----------|----------|
| 08/27/15 | 59 | 3.30   |          |          |
| 08/27/15 | 59 |        | 0.40     |          |
| 08/31/15 | 59 | 3.70   |          |          |
| 09/02/15 | 63 | 1.30   |          |          |
| 09/02/15 | 63 | 1.30   |          |          |
| 09/03/15 | 63 | 5.60   |          |          |
| 09/03/15 | 63 | 0.80   |          |          |
| 09/04/15 | 63 |        | 3.20     |          |
| 09/04/15 | 63 | 0.70   |          |          |
| 09/04/15 | 63 | 5.00   |          |          |
| 09/05/15 | 63 |        | 3.60     |          |
| 09/05/15 | 63 |        |          | 1.80     |
| 09/05/15 | 63 | 5.40   |          |          |
| 09/06/15 | 63 |        |          | 1.60     |
| 09/06/15 | 63 | 3.80   |          |          |
| 09/07/15 | 63 |        | 2.60     |          |
| 09/08/15 | 63 |        | 3.50     |          |
| 09/09/15 | 63 |        |          | 0.50     |
| 09/08/15 | 63 | 6.00   |          |          |
| 09/17/15 | 63 |        | 0.20     |          |
| 09/17/15 | 64 | 0.50   |          |          |
| 09/17/15 | 64 | 3.30   |          |          |
| 09/17/15 | 64 | 1.70   |          |          |
| 09/18/15 | 64 | 2.60   |          |          |
| 09/19/15 | 64 | 3.60   |          |          |
| 09/20/15 | 64 |        | 2.40     |          |
| 09/21/15 | 64 |        | 3.00     |          |
| 09/21/15 | 64 |        | 0.60     |          |
| 09/21/15 | 64 | 4.30   |          |          |
| 09/21/15 | 64 | 1.30   |          |          |
| 10/08/15 | 69 |        | 0.40     |          |
| 10/08/15 | 69 | 0.50   |          |          |
| 10/08/15 | 69 | 0.50   |          |          |
|          | Total | 55.20 | 51.40   | 3.90     |

TABLE D – Additional Time to be Excluded from Lodestar

| Date | Page | Devall | Nehrbass | King |
|---|---|---|---|---|
| | | | Timekeepers | |
| 10/30/14 | 18 | | 3.40 | |
| 10/31/14 | 18 | | 1.90 | |
| 11/03/14 | 27 | | 0.80 | |
| 11/04/14 | 27 | | 0.70 | |
| 11/07/14 | 27 | | 0.50 | |
| 12/03/14 | 23 | | 0.20 | |
| | | 2014 | 7.50 | |
| 06/03/15 | 48 | | | 0.90 |
| 09/28/15 | 64 | | | 0.60 |
| 10/06/15 | 69 | | 2.10 | |
| 10/15/15 | 70 | 0.40 | | |
| 10/23/15 | 71 | | 9.20 | |
| 10/25/15 | 72 | | | 0.90 |
| 10/26/15 | 72 | | | 0.90 |
| 11/18/15 | Rec. doc. 81 | | 0.60 | |
| 11/19/15 | Rec. doc. 81 | | 0.40 | |
| 11/19/15 | Rec. doc. 81 | 0.30 | | |
| 11/20/15 | Rec. doc. 81 | 0.10 | | |
| | | 2015 | 12.30 | |
| Total | | 0.80 | 19.80 | 3.30 |

## TABLE E
### Time to be Deducted from October to Determine Time for Trial, including Preparation

| Date | Page | Devall | Nehrbass | King |
|---|---|---|---|---|
| | | Timekeepers | | |
| 10/05/15 | 69 | 0.30 | | |
| 10/06/15 | 69 | | 2.10 | |
| 10/08/15 | 69 | | 0.40 | |
| 10/08/15 | 69 | 0.50 | | |
| 10/08/15 | 69 | 0.50 | | |
| 10/09/15 | 69 | 0.20 | | |
| 10/09/15 | 69 | 0.20 | | |
| 10/09/15 | 69 | 0.20 | | |
| 10/09/15 | 69 | 0.20 | | |
| 10/09/15 | 69 | | 0.90 | |
| 10/12/15 | 69 | | 0.80 | |
| 10/12/15 | 69 | 0.50 | | |
| 10/12/15 | 69 | 0.20 | | |
| 10/12/15 | 69 | 0.60 | | |
| 10/14/15 | 70 | 2.40 | | |
| 10/14/15 | 70 | 0.30 | | |
| 10/15/15 | 70 | 0.20 | | |
| 10/15/15 | 70 | 0.30 | | |
| 10/15/15 | 70 | 0.40 | | |
| 10/15/15 | 70 | 0.40 | | |
| 10/16/15 | 70 | 3.50 | | |
| 10/23/15 | 71 | | 9.20 | |
| 10/25/15 | 72 | | | 0.90 |
| 10/26/15 | 72 | | | 0.90 |
| Total | | 10.90 | 13.40 | 1.80 |

TABLE F - Time for Trial, including Preparation

|  | Timekeepers | | | | |
|---|---|---|---|---|---|
|  | Devall | Nehrbass | Womack | King | Clark |
| Total October Hours | 134.50 | 124.10 | 6.50 | 1.80 | 2.50 |
| Amount Table E | (10.90) | (13.40) |  | (1.80) |  |
| Time for Trial, including Preparation | 123.60 | 110.70 | 6.50 |  | 2.50 |
| Less 25% | (30.90) | (27.70) |  |  | (2.50) |
| Included in Lodestar | 92.70 | 83.00 | 6.50 |  |  |

TABLE G – Adjustments to Hours Sought

|  | Timekeepers | | | |
|---|---|---|---|---|
|  | Devall 2014 | Devall 2015 | Nehrbass 2014 | Nehrbass 2015 |
| Reductions: |  |  |  |  |
| Table C Motions Summ. Judg. |  | 55.20 |  | 51.40 |
| Table D Add. Excluded |  | 0.80 | 7.50 | 19.80 |
| Table F Time for Trial |  | 30.90 |  | 27.70 |
| Total Reductions |  | 86.90 | 7.50 | 98.90 |

The time for Vincenzo on the motions for summary judgment (3.90) was excluded (Table C). The time for King (3.30) was excluded (Table D). The time for Clark (2.50) was excluded (Table F). No time for Womack was excluded.

18

TABLE H – Hours Reasonably Included in the Lodestar

| Timekeepers | Hours Sought | Adjustments | Hours in Lodestar |
|---|---|---|---|
| Devall 2014 | 73.50 | | 73.50 |
| Devall 2015 | 272.40 | (86.90) | 185.50 |
| Nehrbass 2014 | 11.90 | (7.50) | 4.40 |
| Nehrbass 2015 | 191.20 | (98.90) | 92.30 |
| Womack | 15.90 | | 15.90 |
| King | 3.30 | (3.30) | |
| Vincenzo | 3.90 | (3.90) | |
| Clark | 2.50 | (2.50) | |

TABLE I – Lodestar

| Timekeepers | Hours in Lodestar | Hourly Rates | Total |
|---|---|---|---|
| Devall 2014 | 73.50 | $210.00 | $15,435.00 |
| Devall 2015 | 185.50 | $220.00 | $40,810.00 |
| Nehrbass 2014 | 4.40 | $165.00 | $  726.00 |
| Nehrbass 2015 | 92.30 | $175.00 | $16,152.50 |
| Womack | 15.90 | $125.00 | $ 1,987.50 |
| | | TOTAL | $75,111.00 |